

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Brewster Co.

Honorable Alan R. Fraser
District Attorney
Alpine, Texas

Dear Sir:

Opinion No. O-2967
Re: Can or should a separate bond be required by an independent school district where its taxes are collected by the local county sheriff and tax collector, or can part of the bond he makes be ear-marked for the independent school district?

Your recent request for an opinion of this Department on the above stated question has been received.

We quote from your letter as follows:

"The independent school district has submitted to me the enclosed question. As you will note from the little brief, Brewster County is a county of less than 10,000 population. It has been the habit of the Alpine Independent School District to have its taxes collected by the sheriff and tax collector. The president of the board advises me that some $2,000 of the sheriff's bond is ear-marked to protect the independent school district whose annual taxes are far in excess of that sum; they have been estimated by the president of the board at more than $30,000.00 per year. Therefore, the Alpine Independent School District wonders if it is protected as much as

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

the law will permit it to be.

"I apologize for the brief but there appears to be no cases where this question has been raised and I have merely set forth what statutes appear to be in point."

Pursuant to the requirements of the Constitution (Article VIII, Sections 14 and 16), provision is made in the tax statute for the election at the regular biennial election in each county having 10,000 or more inhabitants, of an assessor and collector of taxes who shall hold his office for two years, that is to say, under the Act of 1933, the previously separate offices of assessor and collector are combined. In counties having less than 10,000 inhabitants, the sheriff is ex-officio assessor and collector. The population of the county is determined by the last preceding national census as provisionally available.

Article 7246, Vernon's Annotated Civil Statutes, providing in effect that counties having less than 10,000 inhabitants, the sheriff of such county shall be the assessor and collector of taxes, and shall have and exercise all the rights, powers and privileges, be subject to all the requirements and restrictions, perform all the duties imposed by law upon assessors and collectors; and he shall also give the same bonds required of an assessor and collector of taxes elected.

Article 7247, Vernon's Annotated Civil Statutes, among other things provides in effect that each assessor and collector of taxes within twenty days after he shall have received notice of his election and appointment, and before entering upon the duties of this office, shall give bond based upon the unincumbered real estate of the sureties, subject to execution, payable to the Governor and his successors in office, in a sum which shall be equal to ten per cent of the whole amount of the State Tax of the County as shown by the last preceding assessment, provided said bond shall not exceed $50,000.00. This statute further provides "Said bond shall be conditioned for the faithful performance of the duties of his office as assessor and collector of taxes for and during the full term for which he was elected or appointed."

Article 7249, Vernon's Annotated Civil Statutes provides in effect that the assessor and collector of taxes shall give a bond similar to that required of him by the State with like conditions to the County Judge of their respective counties and their successors in office in a sum not less than ten per cent of the whole amount of the county tax, as shown by the last preceding assessment, provided said bond shall not exceed Fifty Thousand Dollars.

Article 2792, Vernon's Annotated Civil Statutes, provides in part:

"When a majority of the board of trustees of an independent district prefer to have the taxes of their district assessed and collected by the county assessor and collector, or collected only by the county tax collector, same shall be assessed and collected by said county officers and turned over to the treasurer of the independent school district, for which such taxes have been collected."

Article 1042b, Vernon's Annotated Civil Statutes, provides in part:

"Any * * * Independent School District * * * is hereby authorized by ordinance or by proper resolution to authorize the County Assessor of the County in which said * * * Independent School District * * * is located to act as Tax Assessor for * * * said Independent School District * * * or authorize the Tax Collector of the county in which said * * * Independent School District * * * is situated to act as Tax Collector for said * * * Independent School District * * *."

When the Board of Trustees has decided that the county tax assessor-collector shall act as such for the said school district, pursuant to the above mentioned statutes, additional duties are imposed upon the county tax assessor-collector and he does not hold two offices in discharging such duties. (Kagle v. Glen Rose Independent School District, 50 S. W. (2d) 375; 84 S. W. (2d) 1004). As above stated the General County bond is conditioned that he (the tax assessor-collector) shall faithfully perform the duties of his office as assessor and collector of taxes. Therefore, we think the General County Bond of the tax assessor-collector fully protects the independent school district.

When an independent school district has an independent district assessor and collector, he is required by Article 2791, Vernon's Annotated Civil Statutes, to give a bond in double the estimated amount of school taxes coming annually into his hands, conditioned for the faithful discharge of his duties in payment to the treasurer for all funds coming into his hands by virtue of his office.

The case of Watson, tax collector, et al., vs. El Paso County, 202 S. W. 126, among other things holds that taxes collected and in the hands of the tax collector are secured by his general county bond and not the bond required by Article 2605, Revised Civil Statutes, 1911. Article 2605, supra, is now Article 8143, Vernon's Annotated Civil Statutes, which provides that:

> "The County Tax Collector shall be charged by the Court with the assessment rolls of the district, and shall be allowed such compensation for the collection of said taxes as allowed for the collection of other taxes. The court shall require said officer to give an additional bond or security in such sum as they deem proper and safe to secure the collection of said taxes. If such officer fails or refuses to give such additional security when requested by the Court, within the time provided by law for such purposes, he shall be suspended from office by the Court and immediately thereafter be removed from office in the mode prescribed by law."

Article 8143, supra, is applicable to the county tax assessor and collector relative to water or drainage districts. It was said by the court:

> ". . . It is contended by the sureties that the payment of the taxes collected by the collector is secured, not by the general county bond upon which they are sued herein, but upon the bond which Article 2605 (now Article 8143) requires to be given by the tax collector. The bond mentioned in this Article is required to be given by the tax collector 'to secure the collection of said taxes.' It is not to secure

> the payment of the taxes by the tax collector to the county treasurer after he has collected the same. The general county bond secures such payment, and for that reason there is no merit in this contention."

Article 7254, Vernon's Annotated Civil Statutes provides that:

> "The tax collector shall be the receiver and collector of all taxes assessed upon the tax list in his county, whether assessed for the State or county, school, poor house or other purposes; and he shall proceed to collect the same according to law, and place the same when collected to the proper fund, and pay the same over to the proper authorities, as hereinafter provided."

Article 7248, Vernon's Annotated Civil Statutes provides:

> "The assessor and collector of taxes may be required to furnish a new bond or additional security whenever, in the opinion of the Commissioners Court or the Comptroller, it may be advisable. Should any assessor and collector of taxes fail to give a new bond and additional security when required, he shall be suspended from office by the Commissioners Court of his county, and immediately thereafter be removed from office in the mode prescribed by law."

Under Article 7248, supra, the assessor and collector of taxes may be required to furnish the new bond or additional security whenever, in the opinion of the Commissioners Court it may be advisable. However, we find no statute authorizing the board of an independent school district to require a separate bond where the county tax assessor and collector acts in such capacity for the independent school district.

In view of the foregoing authorities, you are respectfully advised that it is the opinion of this department that the general county bond as required by Article

7249, supra, secures the payment of all taxes collected by the assessor and collector of taxes to the proper parties. Therefore, your question is respectfully answered in the negative.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:ew

APPROVED DEC 19, 1940

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

